fusing such discharge and a transcript of his testimony on the hearing of objections to such discharge, *held* inadmissible where the proceedings in bankruptcy were had long prior to the transaction in controversy and had no relation to any proper subject of inquiry in the case.

---

## American Musicians Union of North America, Appellant, v. Chicago Federation of Musicians, Local No. 10, A. F. of M. et al., Appellees.

### Gen. No. 18,445.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed December 31, 1913.

### Statement of the Case.

Petition by American Musicians Union of North America against Chicago Federation of Musicians, Local No. 10, American Federation of Musicians, Joseph F. Winkler and certain other officers and members of the federation for a rule upon defendants to show cause why they should not be punished for contempt for violating a certain decree which enjoined the defendants from interfering with, hindering or obstructing the members of complainant's organization in obtaining or retaining employment as musicians, by representing to employers that members of complainant's organization are nonunion men, so as to cause employers to fear the opposition of defendants, or organized labor. From an order entered discharging the rule and dismissing the petition, petitioner appeals.

MABIE & CONKEY, for appellant.

JOHN S. HUMMER, for appellees.

The A. H. Andrews Co. v. Pottinger et al., 184 Ill. App. 445.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. INJUNCTION, § 257*—*when evidence sufficient to sustain order discharging rule to show cause for violation.* On petition by a musicians' union against the officers and members of a certain federation of musicians for a rule on defendants to show cause why they should be punished for contempt for violating an injunction, findings of the chancellor in an order entered discharging the rule and dismissing the petition, *held* to be sustained by the evidence.

2. APPEAL AND ERROR, § 1395*—*when findings of fact by chancellor will not be disturbed.* It is the settled rule in equity practice that a court of review will not set aside the findings of fact by a chancellor who saw the witnesses and heard them testify, unless the error in such findings is clear and palpable.

---

## The A. H. Andrews Company, Plaintiff in Error, v. Robert A. Pottinger and Matilda Pottinger, Defendants in Error.

### Gen. No. 18,154.

1. BILLS AND NOTES, § 451*—*when finding as to satisfaction of indebtedness on notes not sustained by the evidence.* In an action to recover the balance due on certain promissory notes executed by defendant to plaintiff in payment for theatre chairs, a finding of the jury that plaintiff accepted payment of a certain sum in satisfaction of defendant's indebtedness on the notes, *held* not sustained by the evidence.

2. BILLS AND NOTES, § 462*—*when instruction as to satisfaction of indebtedness erroneous.* In an action on promissory notes, an instruction that if the jury believe from the evidence that on a certain day the plaintiff and defendant had an agreement that the payment of a certain sum in the manner agreed upon was to constitute a full settlement of the claim sued on, then they are instructed that such agreement constitutes a full accord and they should find for defendants, *held* erroneous, for the reason that there is uncertainty in defendants' testimony whether the alleged accord

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.